*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MARQUIESE RASHAWN ESTERS,

Defendant-Appellant.

UNPUBLISHED
April 25, 2019

No. 340391
Wayne Circuit Court
LC No. 16-010956-01-FC

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to commit murder (AWIM), MCL 750.83, assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, discharge of a firearm from a motor vehicle, MCL 750.234a, felon in possession of a firearm, MCL 750.224f, two counts of assault with a dangerous weapon (felonious assault), MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant as a third-offense habitual offender, MCL 769.11, to prison terms of 16 to 30 years for the AWIM conviction, 5 to 10 years for the AWIGBH and firearm-discharge convictions, two to five years for the felon-in-possession conviction, two to four years for the felonious assault convictions, and two years for the felony-firearm conviction. Defendant appeals by right. We affirm.

Defendant's convictions arise from assaults against his father and his sister in Detroit. The prosecutor presented evidence that defendant became angry with his father after he reprimanded defendant about driving recklessly outside a home where a family gathering was taking place. During their interaction, defendant's father grabbed defendant around the collar and pushed him. Defendant's father and sister then got into a vehicle and drove away, with defendant's father behind the wheel. The prosecution elicited testimony from defendant's father and sister that defendant, who was visibly upset about the confrontation with his father, hopped in his own car and began chasing their vehicle, shooting at them and their car numerous times with a handgun and striking the vehicle in the area of the gas tank. Defendant's father managed to elude his son, dropped off his daughter at their home, and then went to the police station to report the incident. Defendant called his father while he was at the police station, leaving a

-1-

message on his father's voicemail in which he threatened to kill him. After leaving the police station, defendant's father went to the home of his best friend, where he observed defendant with an AK-47 automatic rifle and heard him tell the friend that he was going to kill defendant's father.[1] The friend, who was "like an uncle" to defendant, persuaded defendant to leave the area. Approximately three weeks later, defendant sent his father a threatening text message, reminding him that defendant was "still out here" and that his father was not getting a "pass." The defense theory at trial was that defendant never fired at the vehicle carrying his father and sister, that he never possessed any type of firearm that day, and that the testimony of the witnesses for the prosecution were unreliable and uncorroborated.

On appeal, defendant first argues that the evidence was insufficient to support the verdicts, thereby violating his right to due process. This Court reviews de novo the issue regarding whether there was sufficient evidence to support a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Although defendant frames the issue in terms of the sufficiency of the evidence, when we scrutinize his arguments their true nature is revealed. They are nothing more than a series of challenges to the reliability, credibility, and weight of the testimony. In fact, defendant acknowledges the testimony that supports each and every element of the offenses; however, he questions the strength and soundness of the evidence, claiming lack of corroboration and pointing out purported weaknesses and conflicts in the testimony. In *People v Palmer*, 392 Mich 370, 375-376; 220 NW2d 393 (1974), our Supreme Court explained:

> In a criminal trial the burden is on the prosecution to prove the defendant's guilt beyond a reasonable doubt on every element of the crime charged. On appeal from a conviction a defendant may request the appellate court to determine if the prosecution fulfilled this burden. In conducting this review the appellate court must remember that the jury is the sole judge of the facts. It is the function of the jury alone to listen to testimony, weigh the evidence and decide the questions of

---

[1] Defendant's father also testified that he received a voicemail message from his brother, defendant's uncle, warning him that defendant was driving around in a black car armed with an AK-47.

fact. In determining the facts the jury may draw reasonable inferences from the facts established by either direct or circumstantial evidence.

Juries, not appellate courts, see and hear witnesses and are in a much better position to decide the weight and credibility to be given to their testimony. Where sufficient evidence exists, which may be believed by the jury, to sustain a verdict of guilty beyond a reasonable doubt, the decision of the jury should not be disturbed by an appellate court. [Citations omitted; see also *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992).]

In *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018), this Court similarly stated that "[a] jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses." Physical evidence linking a defendant to a crime is unnecessary, and eyewitness testimony can suffice to sustain a conviction. *People v Newby*, 66 Mich App 400, 405; 239 NW2d 387 (1976) (noting our "jurisprudence requires that the weight of the evidence and the credibility of a witness be left to the trier of fact").

In sum, the evidence recited earlier, when viewed in a light most favorable to the prosecution and with our resolving all evidentiary conflicts in favor of the prosecution, was more than sufficient to prove beyond a reasonable doubt that defendant committed the offenses for which he was convicted. Defendant's appellate arguments ultimately concern matters falling within the purview of the jury, not this panel on appeal.

Next, in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard 4, defendant asserts that trial counsel was ineffective for failing to object to the admission of two voicemail recordings—defendant's message to his father threatening to kill him and the message from defendant's uncle about defendant's possession of the AK-47—and for failing to communicate a plea offer. Neither argument warrants reversal.

With respect to the two voicemail recordings, defendant contends that they were "never disclosed by the prosecution, but instead [were] introduced for the first time at trial" and that he was unaware of the existence of the recordings and surprised by their admission. First, defendant was plainly aware of the threatening voicemail message he left his father; the voicemail to his father was thoroughly discussed at the preliminary examination conducted eight months before trial, and the voicemail to his father was referenced in the police report. Regardless, assuming that there was a discovery failure by the prosecution and deficient performance by counsel, defendant has failed to demonstrate the requisite prejudice. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001) ("To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."). With respect to the voicemail by his uncle, we conclude that the reference to defendant's possessing an AK-47 did not alter the outcome of the trial given that the eyewitness testimony by defendant's father already placed the AK-47 in defendant's hands. And with regard to defendant's voicemail to his father, aside from the recording, defendant's father testified that defendant repeatedly threatened to kill him. Additionally, there was an abundance of evidence that defendant intended to commit murder and

do great bodily harm as reflected in the circumstances surrounding the shootings, which included the fact that a bullet struck the car defendant's father was driving. Moreover, with respect to both recordings, we note that defendant fails to explain how he would have proceeded any differently in defending himself against the charges had he received notice from the prosecution through earlier disclosure. See *People v Jackson*, 498 Mich 246, 278-279; 869 NW2d 253 (2015) (failure to provide notice for purposes of introducing other-acts evidence was harmless as the defendant did not show how he would have approached trial or presented his defense differently had he received proper notice).

In regard to trial counsel's alleged failure to communicate a plea offer to defendant during the proceedings, defendant relies on a complaint he had filed with the Attorney Grievance Commission (AGC) about his dissatisfaction with counsel's performance, including an allegation that counsel failed to inform him of any plea offers. In a response letter to the AGC, trial counsel indicated that defendant was informed of all plea offers, and his rejections were placed on the record. We, however, have scoured the lower court record, and there is no evidence of any plea offer. Indeed, the trial court specifically inquired about any plea offers at a pretrial hearing and at the final conference, and the prosecution indicated that no offers had been extended to defendant. Moreover, defense counsel himself acknowledged that defendant had not been offered any plea deals. Defendant's effort to establish the factual predicate for this claim with the letter that trial counsel sent to the AGC constitutes an impermissible expansion of the record on appeal. *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999). Furthermore, although a claim of ineffective assistance of counsel may be based on counsel's failure to communicate a plea offer, a defendant must prove by a preponderance of the evidence that a plea offer was made and that his counsel failed to communicate it to him. *People v Williams*, 171 Mich App 234, 242; 429 NW2d 649 (1988). The record simply does not support defendant's argument; he has failed to establish the factual predicate for this claim of ineffective assistance of counsel. *Carbin*, 463 Mich at 600.

Defendant's final arguments pertain to his sentencing. He argues in his Standard 4 brief that the trial court erred in assessing 15 points for offense variable (OV) 2, MCL 777.32.[2] Defendant waived this claim of error, given that, while challenging OV10 below, he expressed to

---

[2] Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy,* 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred. *People v Fawaz,* 299 Mich App 55, 60; 829 NW2d 259 (2012). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy,* 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. In scoring OVs, a court may consider all record evidence, including the contents of a presentence investigation report, plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012).

the court that the remaining OVs were accurately scored. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000); *People v Green*, 228 Mich App 684, 691; 580 NW2d 444 (1998).

Even if the argument was not waived, defendant has not demonstrated that he would be entitled to resentencing. Fifteen points must be assessed for OV 2 when "[t]he offender possessed or used . . . a fully automatic weapon." MCL 777.32(1)(b). Five points are to be scored if the offender "possessed or used a pistol[.]" MCL 777.32(1)(d). There was testimony that defendant was armed with an AK-47, which is a fully automatic weapon; therefore, the 15-point score for OV 2 was proper. See MCL 777.32(3)(b). Contrary to defendant's argument, there is no requirement that the weapon be recovered and examined before scoring OV 2. Furthermore, defendant's father and sister testified that defendant had fired a pistol at them during the car chase. This testimony supported, at a minimum, a five-point score for OV 2. Defendant received a total OV score of 110 points, placing him at OV Level VI (100+ points) on the relevant grid, the highest category of offense severity. MCL 777.62. A score of only 5 points, rather than 15 points, for OV 2 would not have changed defendant's placement at OV Level VI. Because any scoring error would not have affected defendant's minimum sentence guidelines range, he would not be entitled to resentencing. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

Defendant also argues that his sentences are unreasonable, violate the principle of proportionality, and constitute cruel and unusual punishment. First, because the trial court did not depart from the guidelines, reasonableness review does not apply. *People v Anderson*, 322 Mich App 622, 636; 912 NW2d 607 (2018) ("this Court is required to review for reasonableness only those sentences that depart from the range recommended by the statutory guidelines").

MCL 769.34(10) provides, in relevant part, that "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." We have already rejected defendant's OV challenge, and he does not allege reliance on inaccurate sentencing information; therefore, generally speaking, we must affirm defendant's sentences. However, MCL 769.34(10) does not and cannot preclude constitutional appellate challenges to a sentence, e.g., an argument that a sentence constitutes cruel and unusual punishment. See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (MCL 769.34[10]'s limitation on review does not apply to claims of constitutional error); see also *People v Conley*, 270 Mich App 301, 316; 715 NW2d 377 (2006) ("It is axiomatic that a statutory provision, such as MCL 769.34[10], cannot authorize action in violation of the federal or state constitutions.").

A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual punishment. *Powell*, 278 Mich App at 323. A defendant can only overcome the presumption by presenting unusual circumstances that would render a presumptively proportionate sentence disproportionate. *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). The principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). Defendant has not presented us with any unusual circumstances that would render the presumptively proportionate sentences disproportionate.

-5-

Defendant primarily argues that his sentences are disproportionate because there was insufficient evidence to support his convictions. A challenge to the sufficiency of the evidence relates only to the validity of a defendant's conviction, not his sentence. We have already rejected defendant's argument that the evidence did not support his convictions. Further, defendant's reliance on the fact that he will be 44 years old after serving the 16-year minimum sentence for AWIM, in conjunction with the consecutive two-year sentence for felony-firearm, is equally unavailing. In *People v Lemons*, 454 Mich 234, 258-259; 562 NW2d 447 (1997), our Supreme Court observed:

> [W]e find no basis . . . for a requirement that the trial judge tailor every defendant's sentence in relationship to the defendant's age. Persons who are sixty years old are just as capable of committing grievous crimes as persons who are twenty years old. We find no principled reason to require that a judge treat similar offenses that are committed by similarly depraved persons differently solely on the basis of the age of the defendant at sentencing where the Legislature has authorized the judge to impose life or any term of years.

We note that given defendant's age of 26 at the time he was sentenced, his characterization of his combined 18-year minimum sentence as closely resembling a life sentence is nothing more than hyperbole. In sum, defendant has not demonstrated any unusual circumstances as necessary to overcome the presumption that his minimum sentence is proportionate. Accordingly, defendant's sentences are not unconstitutionally cruel or unusual. He is not entitled to resentencing.

We affirm.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola

-6-