PEOPLE v RHODES (ON REMAND)

Docket No. 310135. Submitted February 27, 2014, at Lansing. Decided
May 6, 2014, at 9:00 a.m.

A jury in the Wayne Circuit Court convicted Anthony E. Rhodes of
assault with intent to commit great bodily harm, MCL 750.84, and
possession of a firearm during the commission of a felony (felony-
firearm), MCL 750.227b. The court, Michael M. Hathaway, J.,
sentenced defendant to 5½ to 10 years in prison for the assault
conviction and to a consecutive sentence of 2 years' in prison for
the felony-firearm conviction. Defendant appealed. The Court of
Appeals, SHAPIRO and RONAYNE KRAUSE, JJ. (K. F. KELLY, P.J.,
concurring), affirmed in an unpublished opinion per curiam,
issued August 1, 2013. In lieu of granting leave to appeal, the
Michigan Supreme Court vacated that portion of the Court of
Appeals opinion that affirmed defendant's sentence. The Supreme
Court remanded the case to the Court of Appeals for reconsidera-
tion of defendant's sentencing challenge. The Supreme Court
denied leave to appeal in all other respects.

On remand, the Court of Appeals *held*:

1. Offense Variable (OV) 14 of the sentencing guidelines
concerns the offender's role in the criminal transaction. Ten
points must be assessed under OV 14 if the defendant was a
leader in a multiple offender situation. Under the sentencing
guidelines, the circuit court's factual determinations are re-
viewed for clear error and must be supported by a preponder-
ance of the evidence. Whether the facts found by the trial court
are adequate to satisfy the trial court's scoring decision is
subject to review de novo. A "leader" is a person that leads, or
a guiding or directing head. To "lead" means to guide, precede,
show the way, direct, or conduct. In this case, the trial court
relied on the fact that defendant was the only offender with a
gun in determining that defendant was a leader in the criminal
transaction. While defendant's exclusive possession of a gun
was some evidence of leadership, that fact did not meet the
preponderance of the evidence standard, and the record failed to
reveal any other evidence of leadership. Merely posing a greater
threat to a joint victim is not sufficient to establish an indi-

vidual as a leader within the meaning of OV 14 in the absence
of other evidence showing that the individual played some role
in guiding or initiating the criminal transaction. OV 14 should
have been scored at zero points.

2. A defendant is entitled to resentencing if his or her
sentence is based on an inaccurate guidelines score that affects
the applicable sentencing guidelines range. Once defendant's
OV 14 score was corrected, the guidelines range for his mini-
mum sentence for the assault conviction would drop, and his
minimum sentence of 66 months' imprisonment would fall
outside the correct guidelines range. Defendant, therefore, was
entitled to resentencing.

Sentence for assault with intent to commit great bodily harm
vacated; case remanded to the trial court for resentencing.

CRIMINAL LAW — SENTENCING GUIDELINES — OFFENSE VARIABLE 14 — POSSESSION
OF A GUN AS EVIDENCE OF LEADERSHIP.

Ten points must be assessed under offense variable (OV) 14 of the
sentencing guidelines if the defendant was a leader in a multiple
offender situation; a "leader" is a person that leads, or a guiding or
directing head; to "lead" means to guide, precede, show the way,
direct, or conduct; while a defendant's exclusive possession of a
gun may be some evidence of leadership, merely posing a greater
threat to a joint victim is not sufficient to establish an individual
as a leader within the meaning of OV 14 in the absence of other
evidence showing that the individual played some role in guiding
or initiating the criminal transaction.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*,
Solicitor General, *Kym Worthy*, Prosecuting Attorney,
*Timothy A. Baughman*, Chief of Research, Training,
and Appeals, and *Jon P. Wojtala*, Assistant Prosecuting
Attorney, for the people.

Anthony E. Rhodes, *in propria persona*, and *Lee A.
Somerville* for defendant.

ON REMAND

Before: K. F. KELLY, P.J., and SHAPIRO and RONAYNE
KRAUSE, JJ.

Per Curiam. Defendant was convicted by a jury of assault with intent to commit great bodily harm, MCL 750.84, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced to 5½ years' to 10 years' incarceration for the assault conviction and to a consecutive sentence of 2 years for the felony-firearm conviction. Defendant appealed by right and, in our prior opinion, we affirmed his convictions and sentence. *People v Rhodes*, unpublished opinion per curiam of the Court of Appeals, issued August 1, 2013 (Docket No. 310135).[1] In lieu of granting leave to appeal, our Supreme Court vacated the portion of our opinion affirming defendant's sentence and remanded the matter to us for reconsideration in light of *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). *People v Rhodes*, 495 Mich 938 (2014). In all other respects, our Supreme Court denied leave to appeal. *Id*. We now vacate defendant's sentence for assault with intent to commit great bodily harm and remand for resentencing.

Defendant's challenge to his sentence is predicated on asserting that the trial court erroneously scored Offense Variable (OV) 14, which is scored at either 10 points or zero points, depending on whether the defendant was "a leader in a multiple offender situation" when considering the "entire criminal transaction." MCL 777.44. We affirmed the trial court's score of 10 points in reliance on *People v Davis*, 300 Mich App 502, 508; 834 NW2d 897 (2013), wherein this Court held that a trial court's sentencing decision would not be considered clearly erroneous if *any* evidence in the record would have supported the trial court's finding. We noted that defendant had been the only offender present at the time of the charged offenses who was in

---

[1] Judge Kelly concurred in the result only.

possession of a gun, and we concluded that this was at least some evidence of leadership. We were therefore unable to find that the trial court clearly erred in scoring OV 14.

In *Hardy*, however, our Supreme Court explicitly rejected the "any evidence" standard and held that any decisions from this Court citing the "any evidence" standard were incorrect. *Hardy*, 494 Mich at 438. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Id*. However, we review de novo whether the facts found by the trial court are adequate to satisfy the trial court's scoring decision. *Id*. Consequently, we can no longer affirm a trial court's scoring decision merely because *any* evidence in the record supports that decision.

The testimony indicates that several other people were present at the scene of the assault, but only one other person, Terence Adams, who was initially a codefendant but ultimately pleaded guilty to a reduced charge in exchange for testifying against defendant, was actually involved in the assault. Multiple defendants may be considered leaders under OV 14 if there are at least three offenders involved. MCL 777.44(2)(b). Because the record only supports a finding that two offenders were involved, only one individual may be considered a leader in the instant criminal transaction.

The trial court concluded at sentencing that defendant "was clearly . . . the leader" because defendant "was the one with the gun." The trial court initially opined that defendant had also "sort of led the charge against" the victim and "may have been the one that had the beef, too, or thought he did." However, the prosecutor and defendant's attorney subsequently dis-

puted the extent to which defendant said anything to the victim, and it is unclear from the transcript of the sentencing proceedings whether the trial court maintained its belief that defendant had been the instigator on the basis of any facts other than defendant's possession of the gun.

The victim testified that he was walking home from a bar when he stopped to go into a gasoline station. After he continued walking, he heard a car stop near him. Two men jumped out of the car and approached him, one of whom he had seen a few minutes previously in the gasoline station and the other of whom had a gun. The former was later identified as Adams, and the latter was later identified as defendant. The victim testified that both men ordered him to get on the ground, and Adams asked him what he had been "laughing at in the store." When the victim did not comply, both men began hitting him, and at some point the gun discharged, injuring the victim. More shots were fired at the victim as he ran away. Adams testified that both he and defendant punched the victim, that defendant had something that "looked like a gun" in his hand, and that he heard gunshots before he and defendant returned to their car. Adams denied knowing why the driver stopped the car, why defendant got out of the car, or that defendant had a gun prior to getting out of the car; but he conceded that he got out with the intention "[t]o hit the guy." Other than Adams, defendant, and the victim, the only witnesses were the three other people in the car, of whom the driver did not testify and one passenger did not recall anything. The last passenger only recalled defendant and Adams getting out of the car, arguing with a man and hitting him, hearing a single gunshot, and seeing defendant put a gun under the seat.

The Legislature did not define by statute what constitutes a leader for the purposes of OV 14. We have not found any binding caselaw defining "leader" in this context. Consequently, we turn to the dictionary. See *Ter Beek v City of Wyoming*, 495 Mich 1, 20; 846 NW2d 531 (2014). According to *Random House Webster's College Dictionary* (2001), a "leader" is defined in relevant part as "a person or thing that leads" or "a guiding or directing head, as of an army or political group." To "lead" is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting. The evidence unequivocally supports the trial court's factual determination that defendant possessed a gun and the only other person involved in the criminal transaction did not. However, the evidence does not show that defendant acted first, gave any directions or orders to Adams, displayed any greater amount of initiative beyond employing a more dangerous instrumentality of harm, played a precipitating role in Adams's participation in the criminal transaction, or was otherwise a primary causal or coordinating agent.

We remain of the opinion that defendant's exclusive possession of a gun during the criminal transaction is *some* evidence of leadership, however it does not meet the preponderance of the evidence standard found in *Hardy*. This fact alone does not support the finding by the trial court that defendant issued orders that Adams did not. The record simply fails to reflect any other evidence of leadership. Under the dictionary definition of leadership, we cannot conclude that merely posing a greater threat to a joint victim is sufficient to establish an individual as a leader within the meaning of OV 14, at least in the absence of any evidence showing that the individual played some role in guiding or initiating the transaction itself. We are therefore constrained to re-

verse the trial court's scoring of OV 14, which should have been scored at zero points.

"If a scoring error does not alter the guidelines range, resentencing is not required." *People v Sims*, 489 Mich 970 (2011). However, a defendant *is* entitled to resentencing if his or her sentence is based on an inaccurate guidelines score that affects the applicable sentencing guidelines range. *Id.*; *People v Jackson*, 487 Mich 783, 792-794; 790 NW2d 340 (2010). According to the record, defendant's total OV score is presently 50 points, resulting in an OV level of V and a guidelines range for defendant's minimum sentence of 34 to 67 months in prison. If the score of OV 14 is corrected, defendant's total OV score would be 40 points and his OV level would change to IV. This would result in a corrected guidelines range for defendant's minimum sentence of 29 to 57 months in prison. MCL 777.65. Defendant's present minimum sentence of 66 months is therefore outside the correct guidelines range, and he is entitled to resentencing.

Defendant's sentence for assault with intent to commit great bodily harm is vacated, and the matter is remanded to the trial court for resentencing. In all other respects, pursuant to our prior opinion, we continue to affirm. We do not retain jurisdiction.

K. F. KELLY, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ., concurred.