# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BYRON JAMEL POWELL,

Defendant-Appellant.

UNPUBLISHED
April 26, 2018

No. 337239
Genesee Circuit Court
LC No. 14-035091-FC

Before: BORRELLO, P.J., and SHAPIRO and TUKEL, JJ.

PER CURIAM.

This case arises from defendant's involvement in a shooting at 3321 Clairmont in Flint, Michigan on the evening of August 26, 2012, where a small number of individuals had gathered for a bonfire. A jury convicted defendant of possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] The trial court sentenced defendant, as a third habitual offender, MCL 769.11, to 30 months to 10 years' imprisonment for the felon-in-possession conviction, and to two years' imprisonment for the felony-firearm conviction. Defendant now appeals as of right. Because there was insufficient evidence to show that defendant was a leader in a multiple-offender situation, the trial court erred in scoring OV 14 at 10 points, and we vacate defendant's sentence and remand for resentencing.

Defendant's sole argument on appeal is that he is entitled to resentencing because the trial court erred in assessing 10 points against him under offense variable (OV) 14. We agree.

---

[1] Defendant was also charged with four counts of armed robbery, MCL 750.529, two counts of assault with intent to rob while armed, MCL 750.89, one count of first-degree home invasion, MCL 750.110a(2), and one count of carrying a concealed weapon (CCW), MCL 750.227. However, the jury acquitted defendant of the armed robbery counts, the assault with intent to rob while armed counts, and the first-degree home invasion charge. The CCW charge was dismissed by the prosecutor and did not go to the jury. We further note that defendant admitted at trial that he had a prior felony conviction for unarmed robbery and acknowledged that his Glock nine millimeter had been recovered by the police at the scene.

A trial court's factual findings pertaining to the scoring of guidelines variables are reviewed for clear error and "must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). Under the clear error standard, this Court will not displace a trial court's factual findings unless this Court is left with a definite and firm conviction that a mistake was made. *People v Thompson (On Remand)*, 314 Mich App 703, 708; 887 NW2d 650 (2016). Whether the facts found by the trial court are adequate to trigger the scoring of a particular guidelines variable is a question of statutory interpretation that is reviewed de novo. *Hardy*, 494 Mich at 438.

Defendant's total OV score was based solely on the scoring of OV 14 at 10 points. OV 14 relates to an "offender's role . . . in a multiple offender situation," and the trial court must assess the maximum points applicable against a defendant considering the entire criminal transaction. MCL 777.44(1) and (2); *People v Gibbs*, 299 Mich App 473, 493-494; 830 NW2d 821 (2013). A court properly scores 10 points for this OV if the defendant "was a leader in a multiple offender situation." MCL 777.44(1)(a).

OV 14 does not define what constitutes a leader for purposes of OV 14. *People v Rhodes (On Remand)*, 305 Mich App 85, 90; 849 NW2d 417 (2014). Thus, in *Rhodes*, this Court turned to reviewing dictionary definitions and noted that "a 'leader' is defined in relevant part as 'a person or thing that leads' or 'a guiding or directing head, as of an army or political group' " and that "[t]o 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *Id*., citing *Random House Webster's College Dictionary* (2001). Generally, offense variables are scored on an offense-specific approach, but because the statute for OV 14 provides that the "entire criminal transaction should be considered," OV 14 is scored differently—specifically, OV 14 "must be assessed for conduct extending beyond the sentencing offense." *People v McGraw*, 484 Mich 120, 127; 771 NW2d 655 (2009).

Here, the trial court scored OV 14 at 10 points because it agreed with the prosecution that defendant was the leader by virtue of him being Carthon's supplier of drugs. The trial court further relied on the view of the prosecution that if defendant had never showed up and supplied the drugs, none of the events leading to this case would have occurred. We have a definite and firm conviction that the trial court made a mistake. First, being a "supplier" does not connote leadership aspects. Applying the dictionary definition, would an automotive part supplier to General Motors or Ford be considered a leader of GM or Ford? We think clearly not. Likewise, with nothing more, a supplier to a party involved in an illicit drug trade is not a leader in that transaction. Second, other facts introduced at trial show that defendant was not the leader. It was Carthon who set up the drug transaction, and it was Carthon who asked defendant to bring the drugs so *Carthon could make the sale*. Defendant did not instigate, plan, or otherwise direct that the transaction occur. Further, while defendant at one point told Held to address Carthon instead of defendant during the transaction, this was because defendant was not the one making the deal, and defendant *did not want to get involved* in the Carthon-Held transaction—it was not because Carthon was his subordinate.

We also disagree with the trial court's adoption of the prosecutor's position that simply satisfying a "but-for" causation test shows that defendant was a leader. While the transaction undoubtedly could not have occurred but for defendant supplying the drugs to Carthon, this is insufficient, without more, to demonstrate leadership qualities. Under the trial court's rationale,

the supplier of drugs to defendant (or the runner who merely transported them to defendant) would also be considered a leader under this scenario, which illustrates how the trial court's reasoning was flawed. Again, the test to determine whether a defendant is a leader is whether he "guid[ed], preced[ed], show[ed] the way, direct[ed], or conduct[ed]." *Rhodes*, 305 Mich App at 90. Merely being a but-for cause is not synonymous with these other aspects of leadership. Therefore, we hold that the trial court clearly erred when it found that defendant was a leader in a multiple-offender situation and that consequently OV 14 was erroneously scored at 10 points.

With the change to the scoring of OV 14, defendant's total OV score would have been zero points, which places defendant's OV at level I, instead of level II. As a result, defendant's sentencing guidelines range with OV 14 scored at zero points would have been obtained from the OV-I/PRV-D cell, which would be 5 to 34 months for a third-habitual offender. MCL 777.21(3)(b); MCL 777.66. Because this guidelines range differs from the guidelines range defendant was sentenced under (5 to 34 months as compared to 7 to 34 months), we must remand for resentencing, no matter how minimal the difference. As our Supreme Court has explained, "[A] sentence is invalid when it is based on inaccurate information." *People v Francisco*, 474 Mich 82, 89; 717 NW2d 44 (2006) (quotation marks and citation omitted). Indeed, for preserved issues, as is the case here, when there is a scoring error that alters the appropriate guidelines range, a defendant is entitled to resentencing. *Id.* at 90-91.

We vacate defendant's sentence and remand for resentencing. We do not retain jurisdiction.[2]

/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro
/s/ Jonathan Tukel

---

[2] On appeal, the prosecution argues that a remand is necessary in any event because the trial court misapplied the law and did not score all of the OVs properly. However, because the prosecution is seeking resentencing to obtain a harsher sentence for defendant, it was required to file a cross-appeal yet failed to do so. Accordingly, the issue is not properly before us, and we decline to address the argument. See MCR 7.207; *Cheron, Inc v Don Jones, Inc*, 244 Mich App 212, 221; 625 NW2d 93 (2000) (stating that an appellee cannot seek to obtain "a decision more favorable than that rendered by the lower tribunal" without filing a cross-appeal).