*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEDMANN DEONTRELLE SKINNER,

Defendant-Appellant.

UNPUBLISHED
October 10, 2019

No. 343906
Genesee Circuit Court
LC No. 17-041395-FH

Before: REDFORD, P.J., and JANSEN and LETICA, JJ.

PER CURIAM.

Defendant appeals, as on leave granted[1], the sentences imposed for his plea-based convictions of possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1), and possession with intent to deliver alprazolam, MCL 333.7401(2)(b)(*ii*). The trial court sentenced defendant to 23 months to 20 years' imprisonment for possession with intent to deliver heroin, 23 months to seven years' imprisonment for possession with intent to deliver alprazolam, and two years' imprisonment for felony-firearm, to be served consecutive to his sentences for possession with intent to deliver heroin, and possession with intent to deliver alprazolam. We affirm defendant's sentence for his felony-firearm conviction[2], but vacate defendant's sentences for his possession with intent to deliver heroin conviction and his possession with intent to deliver alprazolam conviction, and remand for resentencing on those convictions only.

---

[1] See *People v Skinner*, ___ Mich ___; 928 NW2d 212 (2019), where our Supreme Court ordered that "in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration as on leave granted[.]"

[2] Defendant's conviction of felony-firearm is not subject to the sentencing guidelines because it carries a mandatory sentence of two years' imprisonment. See MCL 750.227b(1); MCL 777.16m.

## I. FACTUAL BACKGROUND

During the execution of a search warrant at the apartment defendant shared with his girlfriend, Camay White, defendant was found in possession of two grams of heroin, approximately 40 alprazolam pills, and a .40-caliber Glock 23 handgun that was loaded with 20 .40-caliber live rounds. The police officers also recovered from the apartment 19 live rounds of ammunition, an empty .40-caliber pistol magazine, a Glock nine-millimeter magazine with 31 live rounds, clear plastic baggies containing marijuana, and $990.

## II. ANALYSIS

Defendant solely argues on appeal that the trial court erroneously scored OV 14 at 10 points where there was no factual basis for the trial court to conclude that defendant was a leader in a multiple offender situation. We agree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

"[Offense variable 14] is the offender's role." MCL 777.44(1). Under MCL 777.44(1)(a), when "[t]he offender was a leader in a multiple offender situation," 10 points are scored for OV 14. MCL 777.44(2)(a) provides that "[t]he entire criminal transaction should be considered when scoring this variable." This statutory language requires that points be assessed "for conduct extending beyond the sentencing offense." *People v McGraw*, 484 Mich 120, 127; 771 NW2d 655 (2009).

Because "leader" is not defined in MCL 777.44, a dictionary may be consulted for guidance. *People v Rhodes (On Remand)*, 305 Mich App 85, 90; 849 NW2d 417 (2014). "To 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *Id.*, citing *Random House Webster's College Dictionary* (2001); see also *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017). Therefore, "a trial court should consider whether the defendant acted first or gave directions 'or was otherwise a primary causal or coordinating agent.' " *Dickinson*, 321 Mich App at 22, quoting *Rhodes (On Remand)*, 305 Mich App at 90. A "multiple offender situation" for purposes of scoring OV 14 "is a situation consisting of more than one person violating the law while part of a group." *Dickinson*, 321 Mich App at 22 (quotation marks and citation omitted).

"A sentencing court has discretion in determining the number of points to be scored, provided that evidence of record adequately supports a particular score." *Id.* at 21 (quotation marks and citation omitted). "A trial court may draw inferences regarding a defendant's behavior from objective evidence when sentencing the defendant." *Id.* at 23.

The trial court apparently based its factual determination that defendant was a leader on (1) the fact that White was sitting with defendant on a couch in the living room at the time of the

raid, as supported by the agent's description of the offense in the presentence investigation report (PSIR), and (2) the prosecutor's assertions that White's charges were being reduced and that she "did not necessarily have much of a role" in the drug operation being run out of the apartment. However, White's presence in the apartment at the time of the raid does not establish that defendant was a leader in the criminal transaction. Further, the prosecutor's bare assertions about White's lesser role in the enterprise do not constitute record evidence supporting the trial court's factual finding. See *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (emphasis added) ("When calculating the sentencing guidelines, a court may consider all *record evidence*, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination."). "[I]n the absence of any evidence showing that [defendant] played some role in guiding or initiating the transaction itself," it cannot be concluded that defendant was a leader in a multiple offender situation. *Rhodes (On Remand)*, 305 Mich App at 90.

The reduction of 10 points for OV 14 will result in a change in defendant's minimum sentencing guidelines range. Therefore, defendant is entitled to resentencing. *People v Francisco*, 474 Mich 82, 89-90 n 8; 711 NW2d 44 (2006).

We affirm defendant's sentence for his felony-firearm conviction, but vacate defendant's sentences for his possession with intent to deliver heroin conviction and his possession with intent to deliver alprazolam conviction, and remand for resentencing on those convictions only. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Kathleen Jansen
/s/ Anica Letica