*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
August 6, 2020

v

No. 345215
Calhoun Circuit Court
LC No. 2018-000228-FC

ROBERT DESHAWN AMERSON,

        Defendant-Appellant.

Before: TUKEL, P.J., and MARKEY and GADOLA, JJ.

MARKEY, J. (*dissenting*).

Because I conclude that the trial court properly assessed 100 points for offense variable (OV) 3, MCL 777.33(1)(a), which would not alter defendant's placement at the highest OV level in the Class E sentencing grid, MCL 777.66, even if the remaining scoring challenges were valid, I would affirm defendant's sentence of 57 to 120 months' imprisonment.[1]  Accordingly, I respectfully dissent.

I begin my analysis without yet taking into consideration the impact of *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019).  One hundred points are properly assessed under OV 3 when the victim was killed but only if the "death results from the commission of a crime and homicide is not the sentencing offense."  MCL 777.33(1)(a) and (2)(b).  In this case, homicide was not the sentencing offense because the jury acquitted defendant of first-degree felony murder, MCL 750.316(1)(b), second-degree murder, MCL 750.317, and voluntary manslaughter, MCL

---

[1] Defendant was convicted of felon in possession of a firearm, MCL 750.224f.  The crime of felon-in-possession is a public safety offense, falling within the Class E sentencing grid.  MCL 777.16m. The highest OV level in the Class E sentencing grid is OV VI, covering assessments of 75 or more total OV points.  MCL 777.66.  If a scoring error does not change the applicable minimum sentence guidelines range, resentencing is not warranted.  *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006).

750.321.[2] With respect to the interpretation of the "results from the commission of a crime" phrase in MCL 777.33(2)(b), our Supreme Court in *People v Laidler*, 491 Mich 339, 344-345; 817 NW2d 517 (2012), explained:

> This language contemplates factual causation, a conclusion supported by this Court's decision in *People v Schaefer*, 473 Mich 418, 439 n 67; 703 NW2d 774 (2005) (subsequently reversed on other grounds), in which we explained in the course of our interpretation of a former version of MCL 257.625(4) (operating a motor vehicle while under the influence of liquor and causing death) that "[h]ad the Legislature intended to require only factual causation and not proximate causation as well, the Legislature would have instead used the words 'results in death' rather than 'causes the death.' " Because the Legislature in MCL 777.33(2)(b) used the phrase "results from the commission of a crime," it is clear that the defendant's criminal actions must constitute a factual cause of a death for purposes of OV 3. "In determining whether a defendant's conduct is a factual cause of the result, one must ask, 'but for' the defendant's conduct, would the result have occurred?" *Id*. at 435-436 (citations omitted). Specifically, "but for" defendant's commission of a crime, would his coperpetrator's death have occurred? [Alteration in original.]

Although the jury may have based the felon-in-possession conviction on defendant's possession of the gun after the shooting when he left the scene with it, there was evidence that defendant, a felon, also possessed the gun before and during the shooting. Under simple factual causation analysis, "but for" defendant's gaining some level of possession of the firearm at a point before the shooting, the weapon would not have been discharged, and Kyle Brown would not have been struck by gunfire and killed.[3] The trial court stated at sentencing, "During his possession as a felon of this weapon somebody died as . . . a result of that weapon being discharged and so 100 points is appropriately scored." The record supported the trial court's conclusion.[4]

---

[2] The jury was not instructed on and did not consider first-degree premeditated murder, MCL 750.316(1)(a).

[3] The reference to the "commission of a crime" in MCL 777.33(2)(b) pertains solely to the sentencing offense, *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016), which in this case is felon-in-possession.

[4] Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. In scoring OVs, a court may consider all record evidence, including the contents of a presentence investigation

I do find it necessary to distinguish *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016), where this Court, reviewing a 100-point assessment for OV 3, held that "[t]here was no evidence, let alone a preponderance of it, establishing a causal connection between defendant's crime of felon-in-possession and [the victim's] death." In *Biddles*, the evidence revealed that the defendant's codefendant, Charles Johnson, shot and killed the victim and that the "defendant was observed holding a gun *after the shooting* by codefendant Johnson had concluded." *Id.* at 151 (emphasis added). Accordingly, there plainly was no "but for" or factual causation in *Biddles* linking the defendant's possession of a gun to the shooting death. And thus *Biddles* is easily distinguishable because here there was evidence that defendant possessed the gun before the shooting.

The question becomes whether the trial court's assessment of 100 points for OV 3 runs afoul of *Beck* wherein our Supreme Court held:

> When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent. To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself.
>
> [C]onduct that is protected by the presumption of innocence may not be evaluated using the preponderance-of-the-evidence standard without violating due process. . . . .
>
> * * *
>
> [W]e do not believe existing United States Supreme Court jurisprudence prevents us from holding that reliance on acquitted conduct at sentencing is barred by the Fourteenth Amendment. We hold that it is.
>
> Because the sentencing court punished the defendant more severely on the basis of the judge's finding by a preponderance of the evidence that the defendant committed the murder of which the jury had acquitted him, it violated the defendant's due-process protections. [*Beck*, 504 Mich at 626-629 (citations omitted).]

---

report, plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012).

Here, the jury determined that the prosecution failed to establish beyond a reasonable doubt one or more of the elements of first-degree felony murder, second-degree murder, and voluntary manslaughter. Stated otherwise, the jury concluded that defendant's conduct did not amount to any one of these three forms of homicide. Perhaps the jury acquitted defendant of the homicide charges on the basis that it was not shown that he had the requisite malice, i.e., the intent to kill, the intent to do great bodily harm, or knowingly creating a very high risk of death or great bodily harm knowing that death or such harm was the likely result. See M Crim JIs 16.4, 16.5, and 16.8; see also *People v Mendoza*, 468 Mich 527, 533-540; 664 NW2d 685 (2003) (discussing the various forms of homicide). Or the jury may have acquitted defendant of felony murder on the basis that no armed robbery was taking place at the time of the shooting. Other possibilities are that the jury acquitted defendant of the homicide charges on the basis of self-defense or accident, which theories pertained solely to the homicide offenses and were presented to the jury through the instructions. Additionally, the jury theoretically could have acquitted defendant of the homicide charges on the basis that defendant did not cause the death of the victim with a gun, which was an element of all three homicide charges.

The conduct that supported an assessment of 100 points for OV 3 was defendant's possession of a firearm while being a convicted felon, which then resulted in or caused Brown's death under a "but for" analysis, as the trial court found at sentencing. In *People v Roberts (On Remand)*, __ Mich App __, __; __ NW2d __ (2020); slip op at 5, this Court construed *Beck* as supporting an inference that "a sentencing court must consider a defendant as having undertaken no act or omission that a jury *could have relied upon* in finding the essential elements of any acquitted offense proved beyond a reasonable doubt." *Id.* at __; slip op at 5 (emphasis added). Assuming the jury found defendant guilty of felon-in-possession solely on the basis of post-shooting possession of the gun, there nevertheless would be no support for a conclusion that the jurors *acquitted* defendant of possessing the firearm before or during the shooting. Therefore, in that respect, there was no *Beck* violation when the trial court found that defendant possessed the gun before or at the time of the shooting. The more difficult and closer question is whether the court's finding that Brown's death resulted from or was caused by defendant's possession of a firearm encompassed a matter that the jury could have relied upon when acquitting defendant relative to the homicide charges. In other words, could the jury have acquitted defendant of the homicide charges on the basis of a determination that defendant did not cause Brown's death by gunfire? Although this is, as mentioned, theoretically possible, I cannot conclude that the jury could have relied or did rely on a lack of causation in acquitting defendant of homicide. As reflected by defendant's own testimony, and as he argued to the jury, the shooting was done in self-defense and/or accidently, which in either case entailed defendant's causing Brown's death by shooting—defendant was not acquitted due to a lack of causation. The jury's verdict was not inconsistent with the trial court's assessment of 100 points for OV 3. Viewed from a different perspective, the trial court's determination that Brown's death resulted from the commission of the offense of felon-in-possession under a "but for" analysis did not amount or equate to a determination that defendant committed felony murder, second-degree murder, or voluntary manslaughter.

In sum, I would affirm defendant's sentence.  Accordingly, I respectfully dissent.


/s/ Jane E. Markey