*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MAX HENRY OOM,

        Defendant-Appellant.

UNPUBLISHED
September 17, 2020

No. 346557
Emmet Circuit Court
LC Nos. 17-004525-FH;
          17-004621-FH

Before: REDFORD, P.J., and BECKERING and M. J. KELLY, JJ.

REDFORD, J. (*dissenting*).

I respectfully dissent.

The trial court assigned 10 points to Offense Variable (OV) 14, MCL 777.44, which requires assessment of 10 points when the offender played a leadership role in a multiple offender situation where three or more offenders were involved. A multiple offender situation refers to "more than one person violating the law while part of a group." *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017) (quotation marks and citation omitted). In *People v Rhodes (On Remand)*, 305 Mich App 85, 90; 849 NW2d 417 (2014), quoting *Random House Webster's College Dictionary* (2001), this Court defined the term "leader" for purposes of scoring OV 14 "as 'a person or thing that leads' or 'a guiding or directing head, as of an army or political group.' To 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting."

This Court considered several important factors to determine whether a defendant held a leadership role when he or she committed a crime with another individual, including whether the defendant:

> acted first, gave any directions or orders to [his co-offender], displayed any greater amount of initiative beyond employing a more dangerous instrumentality of harm, played a precipitating role in [his co-offender's] participation in the criminal transaction, or was otherwise a primary causal or coordinating agent. [*Id.*]

-1-

In *Dickinson*, 321 Mich App at 23, this Court similarly analyzed relevant factors in the context of a defendant delivering a controlled substance into a prison, noting that

> [the] defendant exercised independent leadership to procure the heroin from someone else outside the prison, transported it independently to the prison, and smuggled it inside before transferring it to [her co-offender].

"Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). MCL 777.44(2)(a) specifically directs the sentencing court to consider "[t]he entire criminal transaction."

In this case, the trial court analyzed the evidence and concluded that both defendant and Jones were involved in selling MDMA to the CI, and that Jones served as a "conduit" in the transaction. Defendant's PSIR indicates that between October 30 and 31, 2017, defendant acted as a "source" to Jones before Jones sold MDMA to the CI, and that defendant then later sold MDMA to the CI directly. Assessment of points for OV 14 does not require that Jones was a codefendant or even charged to qualify as a multiple offender situation. See *Dickinson*, 321 Mich App at 22.

Defendant argues that he was not a leader in this situation. I disagree because the record reflects that evidence established several factors that, in this criminal transaction, defendant served as a necessary and senior member of the distribution chain and held a leadership role. A sentencing court may properly draw inferences regarding a defendant's behavior from objective evidence. *Id.* at 23. In this case, defendant indicated that he independently acquired the MDMA from "a larger source" at a price which allowed him to resell it at a premium. Defendant brought MDMA with him to the Maple Street house and sold it to multiple individuals. The CI told an officer that he had purchased controlled substances from defendant " 'too many times to count.' " Moreover, before Jones sold MDMA to the CI, Jones asked the CI to drive to the Maple Street house to pick up the MDMA from Jones's source, who was later confirmed to be defendant.

The trial court, when describing the relative roles of defendant and Jones, accurately described Jones as a mere "conduit." The trial court did not clearly err in this regard. Again, MCL 777.44(2)(a) explicitly directs the sentencing court to consider "[t]he entire criminal transaction." Over the course of two days, defendant sold MDMA to three individuals, including Jones. In turn, Jones delivered MDMA that he had obtained from defendant to the CI. This evidence supports an inference that defendant acted as "a primary causal or coordinating agent," *Rhodes (On Remand)*, 305 Mich App at 90, in the entire criminal transaction. Therefore, a preponderance of the evidence supported the trial court's finding that defendant served as a leader in a multiple offender situation. For these reasons, I conclude that the trial court correctly assessed defendant 10 points for OV 14.

/s/ James Robert Redford