*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL WESLEY WALLS,

        Defendant-Appellant.

UNPUBLISHED
January 27, 2022

No. 355723
Berrien Circuit Court
LC No. 2020-001074-FH

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] his sentence for his guilty-plea conviction of breaking and entering with intent to commit a larceny, MCL 750.110. The trial court sentenced defendant to 38 months to 10 years' incarceration. On appeal, defendant argues that he is entitled to resentencing because the trial court erred when it scored 10 points for offense variable (OV) 14. We affirm.

On March 21, 2020, Berrien County Sheriff's Department deputies responded to an alarm at a church located at 4071 Naomi Rd. Deputies found a smashed window and open door, but no one inside. While the deputies cleared that building, there was a second call for an alarm at a church located at 6562 Naomi Rd. At that address, deputies discovered another broken window, but again no one was present in the building. However, deputies found a van parked on the side of Naomi Rd., approximately 400 feet from the second address. Malisa Kumrow, defendant's girlfriend, was in the passenger seat. She was detained and could not explain what she was doing on Naomi Rd., but she said that defendant was looking for a friend whom she could not identify. Kumrow then stated that defendant left the vehicle in order to urinate and that she believed that he set off a building's alarm by going too close to the building. She denied being involved in any break-ins. Inside the vehicle, deputies found a tire iron that was bent and matched pry marks found at 4071 Naomi Rd, and gloves were recovered with defendant's name written on them. Defendant

---

[1] *People v Walls*, unpublished order of the Court of Appeals, entered January 13, 2021 (Docket No. 355723).

was located soon thereafter and arrested. Foot impressions were taken at the 4071 Naomi Rd crime scene that matched the shoes defendant was wearing.

Defendant pleaded guilty to breaking and entering the 4071 Naomi Rd location.[2] Defendant admitted that he broke the window at that address and that he and Kumrow entered the building to steal money in order to support their methamphetamine addiction.

At sentencing, defendant objected to the trial court scoring 10 points for OV 14. Defendant argued that there was not enough evidence in the police report to support a conclusion that he was a leader, and that Kumrow, rather than defendant, may have planned the crime and asked defendant to help. The trial court disagreed and concluded that defendant was the leader of the criminal transaction. Defendant challenges that ruling on appeal.[3]

OV 14 addresses the defendant's role in the criminal transaction. MCL 777.44(1). Ten points are assessed if the defendant "was a leader in a multiple offender situation." MCL 777.44(1)(a). The first requirement is that multiple offenders committed the crime. See *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017) ("[T]he plain meaning of 'multiple offender situation' as used in OV 14 is a situation consisting of more than one person violating the law while part of a group.") (quotation marks and citation omitted). At the plea hearing, defendant testified that both he and Kumrow entered the church at 4071 Naomi Rd through the broken window to steal money. This was sufficient evidence to show a multiple offender crime.

The next question is whether defendant was a "leader" for purposes of OV 14. The statute does not define that term, but in construing OV 14 this Court has observed that "[t]o 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *People v Rhodes (On Remand)*, 305 Mich App 85, 90; 849 NW2d 417 (2014). A trial court should consider whether the defendant "acted first or gave directions or was otherwise a primary causal or coordinating agent." *Dickinson*, 321 Mich App at 22 (quotation marks and citation omitted). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012).

In this case, there is sufficient evidence to conclude that defendant took a leadership role in the breaking and entering at 4071 Naomi Rd. First, defendant admitted to being the person who actually broke the window to gain entry to the building. Second, it is reasonable to infer that

---

[2] The prosecution agreed to dismiss the count related to the break-in at 6562 Naomi Rd.

[3] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A finding of fact is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

defendant was driving the van because Kumrow was in the passenger seat when police discovered her. And driving to the scene of a crime is a form of directing the action. Further, the shoeprints taken from the scene and the gloves with defendant's name written on them, paired with the fact that Kumrow was found in the van and defendant was not, all at least suggest that defendant took the more active role during the break-ins. Taken together, the evidence and the reasonable inferences drawn from it tends to show that defendant acted first or was an otherwise a primary cause of the break-ins. Therefore, the trial court did not err by scoring 10 points for OV 14.

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Douglas B. Shapiro

-3-