*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER JAMES SUTHERLAND,

Defendant-Appellant.

UNPUBLISHED
February 21, 2023

No. 360692
Oscoda Circuit Court
LC No. 21-001732-FH

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Christopher James Sutherland, appeals by leave granted[1] the trial court's judgment of sentence in which the trial court sentenced as a third-offense habitual offender to 106 months to 30 years' imprisonment after he pleaded guilty to one count of unarmed robbery. The trial court found, for purposes of sentencing, that defendant was a "leader" of the crime, leading to a sentencing enhancement under Offense Variable (OV) 14. It is from this determination defendant appeals. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant's conviction arises from a robbery that occurred on the afternoon of December 27, 2020, in Mio, Michigan. On that date, defendant was a passenger in a "Blazer" with co-defendants Steven Bloxsom, Johnathan Zelmanski, and two other individuals. Earlier in the day, the group met with an individual named Shawn Bivins to negotiate the purchase of Bivins's Pontiac Grand Prix. Bivins agreed to sell the car for $500 and, before defendant paid for the Pontiac, Bivins also agreed to let defendant take the car to an ACE Hardware store to get a bolt for the Pontiac's battery. Defendant never returned with the car and paid Bivins only $50.

---

[1] *People v Sutherland*, unpublished order of the Court of Appeals, entered April 27, 2022 (Docket No. 360692).

Instead of going to ACE Hardware to get a bolt for the car's battery, defendant served as the lookout while Bloxsom entered an ACE Hardware store and stole a chainsaw, crossbow, and an air rifle. Bloxsom left the store with the stolen items and entered the Blazer driven by Zelmanski. Zelmanski drove away from the ACE Hardware store and, 10 feet down the road, Bloxsom and the other two individuals in the Blazer jumped into the Pontiac Grand Prix that was driven by defendant. Defendant and Bloxsom later sold the property that was stolen from the ACE Hardware store.

Defendant was subsequently charged with unarmed robbery under a theory of aiding and abetting, MCL 750.530. On July 22, 2021, defendant pleaded guilty to unarmed robbery as a third-offense habitual offender, MCL 769.11. In exchange for defendant's plea, a fourth-offense habitual offender notice and charges in a related but separate case were dismissed. At defendant's sentencing hearing, the trial court assessed 10 points for Offense Variable (OV) 14, MCL 777.44, concluding that defendant participated in the crime as a "leader." This appeal followed.

## II. STANDARDS OF REVIEW

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when we are left with a definite and firm conviction that a mistake was made." *People v Abbott*, 330 Mich App 648, 654; 950 NW2d 478 (2019). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* (quotation marks and citation omitted).

## III. ANALYSIS

Defendant argues that the trial court erred when it assessed 10 points for OV 14 because the prosecutor did not show by a preponderance of the evidence that defendant was a "leader" in the planning or perpetration of the unarmed robbery or that defendant actively participated in the robbery or even knew that it was going to take place. We disagree.

"Under MCL 777.22, OV 14 must be scored for all felony offenses." *People v Dickinson*, 321 Mich App 1, 21; 909 NW2d 24 (2017). OV 14 "is scored at either 10 points or zero points, depending on whether the defendant was 'a leader in a multiple offender situation' when considering the 'entire criminal transaction.' " *People v Rhodes (On Remand)*, 305 Mich App 85, 87; 849 NW2d 417 (2014), quoting MCL 777.44. "[T]he plain meaning of 'multiple offender situation' as used in OV 14 is a situation consisting of more than one person violating the law while part of a group." *Dickinson*, 321 Mich App at 22 (quotation marks and citation omitted). "Multiple defendants may be considered leaders under OV 14 if there are at least three offenders involved." *Rhodes*, 305 Mich App at 88, citing MCL 777.44(2)(b). In *Rhodes*, the Court defined the term "leader" in MCL 777.44 as " 'a person or thing that leads' or 'a guiding or directing head, as of an army or political group.' " *Rhodes*, 305 Mich App at 90, quoting *Random House Webster's College Dictionary* (2001). "To 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *Id.*

Defendant does not dispute that he was involved in a crime that constituted a "multiple offender situation." Indeed, four offenders were involved. See MCL 777.44. Moreover, because this incident involved more than three offenders, more than one offender can be a leader. See *Rhodes*, 305 Mich App at 88. Therefore, the only issue is whether a preponderance of the evidence supported the trial court's finding that defendant was *a leader*.

Defendant suggests the trial court should have limited its "leader" analysis only to the act of robbing the ACE Hardware store because defendant was convicted only of aiding and abetting the robbery. But defendant's argument fails to recognize that the trial court must consider the "entire criminal transaction" when it evaluates an offender's role under MCL 777.44. See MCL 777.44(2)(a) ("The entire criminal transaction should be considered when scoring this variable."). This is precisely what the trial court did. First, the court took judicial notice of preliminary examination testimony that indicated defendant, prior to the hardware store robbery, obtained the Pontiac Grand Prix for purposes of operating the getaway car and serving as a lookout. Additionally, Zelmanski testified that Bloxsom and the other passengers in the Blazer "jumped in" the stolen Grand Prix—operated by defendant—after Bloxsom stole the items from the ACE Hardware store. Moreover, it was defendant, along with Bloxsom, who sold the stolen items after the robbery. Unlike the other participants, defendant was a key component of each step of the criminal transaction, from procuring the stolen getaway car and serving as the lookout to selling the stolen merchandise afterward. Thus, defendant's participation in each step of the criminal transaction was sufficient evidence of defendant acting as a "leader" for purposes of MCL 777.44, and the trial court did not err when it assessed 10 points for OV 14.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle