*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL J. SAARELA,

        Defendant-Appellant.

UNPUBLISHED
March 7, 2024

No. 356440
Gogebic Circuit Court
LC No. 20-000095-FH

ON REMAND

Before: K. F. KELLY, P.J., and BORRELLO and CAMERON, JJ.

PER CURIAM.

This case returns to this Court on remand for analysis under our Supreme Court's decision in *People v Posey*, 512 Mich 317 (2023) (*Posey II*). Specifically, we consider the reasonableness of defendant's within-guidelines sentence for possession with intent to deliver methamphetamine. We once again affirm defendant's sentence.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant was convicted of possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*).[1] The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to 15 to 30 years' imprisonment. In our earlier opinion, *People v Saarela*, unpublished per curiam opinion of the Court of Appeals, issued October 13, 2022 (Docket No. 356440) (*Saarela I*), we summarized the relevant facts:

---

[1] He was also convicted of possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*); possession of a dangerous weapon (metallic knuckles), MCL 750.224(1); possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; felon in possession of a firearm (felon-in-possession), MCL 750.224f; and operating a motor vehicle without a valid license (OWL), MCL 257.904a.

This case arises from an April 21, 2020 early-morning traffic stop and search of defendant's vehicle. While on patrol at 2:30 a.m., Gogebic County Deputy Sheriff Cody Smith[] observed a dark-colored SUV traveling in the opposite lane of traffic with a nonfunctioning headlight. The SUV was outfitted with a brush guard that was "tilted forward." About a week before the traffic stop, Deputy Smith had received an anonymous tip that defendant would be traveling through Gogebic County in a similar vehicle. The tipster said that defendant would have with him a large amount of methamphetamine and that he was possibly armed. Deputy Smith opened an investigation and found defendant's social media account that displayed an SUV with a brush guard installed improperly, causing it to tilt forward.

Deputy Smith executed a traffic stop of the vehicle. During the stop, he observed a loaded syringe on the passenger-side floorboard. He also noticed a "torch" sticking out of a black camera bag in the backseat. On the basis of this evidence, Deputy Smith and other officers conducted a search of defendant's vehicle where they discovered a number of drug-related items. These included: six bindles[] of suspected heroin, a bag of suspected methamphetamine, a methamphetamine pipe, two "hot rails,"[] a dollar bill on top of one of the scales, a silver scoop, a "bubble,"[] packaging material, a Pyrex container containing crumbs of partially burned suspected methamphetamine or heroin, multiple loaded and unloaded syringes, $100 bills, $20 bills, and prescription bottles containing marijuana. Field and laboratory tests confirmed that the substances were methamphetamine and heroin. The officers also discovered a .22-caliber revolver and a pair of metallic knuckles.

Deputy Smith interviewed Destiny Caudill, defendant's passenger, who admitted the pair had spent the day before the stop selling methamphetamine to various individuals in and around Gogebic County. Defendant was arrested and, in a separate interview, he admitted to possessing the metallic knuckles, but denied knowledge of the revolver and the drug paraphernalia. Defendant was convicted and sentenced as noted. This appeal followed. [Footnotes omitted.]

On appeal to this Court, defendant argued the trial court erred in scoring offense variables (OV) 14 and 15 and, therefore, the sentence imposed for possession with intent to deliver methamphetamine was disproportionate and unreasonable. We rejected this argument, reasoning:

The trial court thoroughly articulated its reasons for sentencing defendant within the guidelines for the conviction of possession with intent to deliver methamphetamine, and a within-guidelines sentence is presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Moreover, MCL 769.34(10) states: "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." This Court must affirm his sentence because defendant has not identified any error in the scoring of the sentencing guidelines or directed this

Court to any inaccurate information relied upon by the trial court when determining his sentence. [*Saarela I*, unpub op at 10.]

Later, our Supreme Court held in *Posey II*:

[A]ppellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter. [*People v Steanhouse*, 500 Mich 453, 473; 902 NW2d 327 (2017).] The guidelines remain important as an advisory resource for sentencing courts and continue to be a "highly relevant consideration" on appeal. But the portion of MCL 769.34(10) that requires appellate affirmation of within-guidelines sentences that are based on accurate information without scoring errors is unconstitutional because . . . it would necessarily render the guidelines mandatory." [512 Mich at 352.]

Thereafter, our Supreme Court vacated our conclusion that we must affirm defendant's sentence under MCL 769.34(10). *People v Saarela*, 997 NW2d 181 (Mich, 2023) (*Saarela II*). We now reexamine the reasonableness of defendant's sentence in light of *Posey II*. *Id*.

## II. PRESERVATION AND STANDARD OF REVIEW

"A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals." MCR 6.429(C); MCL 769.34(10). Defense counsel stated at sentencing that he did not have any objections to the court's scoring of the guidelines. Defendant argued on appeal that he had preserved this issue by filing a timely motion to remand in this Court. But defendant's motion to remand asserted claims of ineffective assistance of counsel, not sentencing error. Therefore, this issue is not preserved. However, defendant's argument related to proportionality is preserved because "[t]here are no special steps that a defendant must take to preserve the question whether the sentence was proportional . . . ." *People v Walden*, 319 Mich App 344, 350; 901 NW2d 142 (2017).

Unpreserved claims of nonconstitutional errors are reviewed for plain error. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. A showing of prejudice typically requires a showing that "the error affected the outcome of the lower court proceedings." *Id*. If those requirements are satisfied, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. (citation, quotation marks, and brackets omitted). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich at 471.

### III. LAW AND ANALYSIS

"When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate." *Posey II*, 512 Mich at 360. A defendant overcomes this presumption by showing the trial court violated the principle of proportionality. *Steanhouse*, 500 Mich at 459-460 (quotation marks and citation omitted). The principle of proportionality "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. (quotation marks and citation omitted). The trial court considered the sentencing guidelines for the sentencing offense and sentenced him as indicated above.

Defendant first challenged the trial court's scoring of OV 14. He argued that there was no evidence to support a conclusion that he was more of a leader than the other two offenders involved in the underlying offense. Regarding OV 14, the trial court found:

> Under OV 14, this is an assessment of whether or not [defendant] was a leader in this criminal transaction. The facts are evident from this case that [defendant] in fact constitutes a leader, as he traveled from Minnesota into this county with drugs, packaging materials, scales, syringes, and so forth, and then went through both Gogebic and Ontonagon Counties distributing methamphetamine. So the leadership points are 10.

OV 14 addresses the defendant's role in the criminal transaction. MCL 777.44(1). Ten points are assessed if the defendant "was a leader in a multiple offender situation." MCL 777.44(1)(a). The first requirement is that multiple offenders committed the crime. See *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017) ("[T]he plain meaning of 'multiple offender situation' as used in OV 14 is a situation consisting of more than one person violating the law while part of a group.") (quotation marks and citation omitted).

In this case, witness Caudill testified that she, defendant, and another individual, Alex Kopsi, had a plan to sell drugs: Kopsi was the driver, defendant weighed the drugs, and she delivered the drugs to different buyers and took the money, which she handed over to defendant. The trial court found, and we agree, this was sufficient evidence to show multiple offenders were involved.

The next question is whether defendant was a "leader" for purposes of OV 14. The statute does not define that term, but in construing OV 14 this Court has observed that "[t]o 'lead' is defined in relevant part as, in general, guiding, preceding, showing the way, directing, or conducting." *People v Rhodes*, 305 Mich App 85, 90; 849 NW2d 417 (2014). A trial court should consider whether the defendant "acted first or gave directions or was otherwise a primary causal or coordinating agent." *Dickinson*, 321 Mich App at 22 (quotation marks and citation omitted). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a). "If 3 or more offenders were involved, more than 1 offender may be determined to have been a leader." MCL 777.44(2)(b). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012), overruled in part on other grounds by *People v White*, 501 Mich 160, 164 n 2; 905 NW2d 228 (2017).

Here, there was sufficient evidence to conclude that defendant took a leadership role in the delivery of the drugs. First, defendant stated in a jailhouse telephone call that he had obtained the drugs. Second, Caudill testified that the vehicle used to deliver the drugs belonged to defendant and that Kopsi's role was to drive in case they got pulled over because defendant did not have a driver's license. Third, Caudill claimed that defendant supplied the drugs for the two deliveries. She said defendant obtained the drugs from the bag that was on the backseat next to where defendant was sitting, that he weighed the drugs using a scale and packaged the drugs, and that he then provided the drugs to her. Fourth, Caudill testified that she was the "mule" who delivered the drugs to the buyers, that she took the money for the drugs, and that she gave the money to defendant. Taken together, this evidence provided the reasonable inference that defendant was a leader in the delivery of methamphetamine. Therefore, the trial court did not clearly err by scoring 10 points for OV 14.

Defendant next challenged the trial court's scoring of OV 15. He argued that there was no evidence to support that defendant traveled from Minnesota to Michigan while possessing the methamphetamine. In assessing 50 points for OV 15, the trial court reasoned: "Under OV 15, this is an assessment in a controlled substance offense. And in this instance, because [defendant] traveled from Minnesota and stayed at a motel in Ashland and then subsequently came into Gogebic and Ontonagon County distributing methamphetamine. That interstate travel of the methamphetamine warrants a 50-point score."

OV 15 addresses "aggravated controlled substance offenses." MCL 777.45(1). A sentencing court must assess 50 points if "[t]he offense involved traveling from another state or country to this state while in possession of any mixture containing a controlled substance classified in schedule 1 or 2 that is a narcotic drug or a drug described in section 7212 or 7214 with the intent to deliver that mixture in this state." MCL 777.45(1)(d). Methamphetamine is described in MCL 333.7214(c)(ii).

In this case, Deputy Smith testified he had received an anonymous tip that defendant would be traveling from Minnesota to Michigan in a dark-colored SUV with a large amount of methamphetamine. Defendant testified he lived in Minnesota. Defendant was driving a green SUV with Minnesota plates when he was pulled over in Michigan. The SUV was registered to defendant's mother at an address in Minnesota. Methamphetamine, scales, and packaging material were seized during a search of the SUV. Defendant has not shown that the trial court plainly erred by finding that defendant transported the methamphetamine from Minnesota to Michigan. Therefore, the trial court did not plainly err by scoring 50 points for OV 15.

-5-

A defendant bears the burden of demonstrating their within-guidelines sentence is disproportionate and unreasonable. *Steanhouse*, 500 Mich at 459-460. Having failed to establish any plain error with respect to the scoring of OVs 14 and 15, defendant failed to meet this burden. As such, there is no evidence the trial court imposed an unreasonable sentence when it sentenced defendant 15 to 30 years' imprisonment for the possession with intent to deliver methamphetamine conviction.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello
/s/ Thomas C. Cameron