*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 17, 2020

Plaintiff-Appellee,

v

No. 348663
Berrien Circuit Court
LC No. 2018-003251-FC

JOSHUA DALE WINANS,

Defendant-Appellant.

Before: RONAYNE KRAUSE, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted by guilty plea of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and unlawful imprisonment, MCL 750.349b. The trial court sentenced him to 67 to 120 months' imprisonment for the AWIGBH conviction and 100 to 180 months' imprisonment for the unlawful-imprisonment conviction. Defendant appeals by delayed leave granted,[1] challenging the scoring of multiple offense variables (OVs). We affirm his sentences.

The victim, JK, lived with her son and her boyfriend, defendant, in defendant's home. Defendant and JK engaged in an argument about dinner on the evening at issue, and JK decided to leave defendant's home with her son. While JK was in her car with her son preparing to leave, defendant walked over to the vehicle. JK rolled down her window, and defendant hit her in the face with an open hand. He then told her that she needed to gather her personal belongings from his house. JK picked up her son and returned to defendant's home. She started packing her possessions in an upstairs bedroom. Defendant then went into the bedroom and grabbed JK by her hair, pulling her to the bedroom floor. For the next 20 minutes defendant hit and punched JK; he spit in her face, pulled her hair, ripped out her nose ring, and shoved his fingers down her throat. At the same time, he grabbed and squeezed JK by the neck with his free hand so that she could not

---

[1] *People v Winans*, unpublished order of the Court of Appeals, entered October 10, 2019 (Docket No. 348663).

breath. Because JK was unable to break free from defendant's grasp, she tried biting his fingers. Defendant responded by biting her in the face.

JK's son was on the landing of the stairs upset and hyperventilating because he heard his mother screaming, but he did not know what was going on. Both JK and defendant tried to coax the child away from the altercation. JK was then able to escape to her son's room, and she started packing his belongings. Defendant, however, followed JK into that room and continued to assault her. While assaulting JK, defendant blamed her for what was happening and threatened to kill her. At some point, defendant stopped, and the police arrived. Defendant was arrested, and JK was taken to the hospital by police for treatment of various injuries.

Defendant was charged as a second-offense habitual offender, MCL 769.10, with AWIGBH, unlawful imprisonment, assault with intent to commit murder, MCL 750.83, and aggravated domestic violence, MCL 750.81a. He eventually pleaded guilty to AWIGBH and unlawful imprisonment. Defendant's total OV score was 140 points as to both offenses, placing him at OV level VI (75+ points), which is the highest OV level for the two crimes. See MCL 777.64 and MCL 777.65. At the sentencing hearing, defense counsel expressly indicated that there was no challenge to the scores assessed for the OVs.

On appeal, defendant argues that the trial court improperly scored OVs 3, 4, 7, 8, 9, 10, 12, and 13, and that he is entitled to resentencing. Defendant also contends that trial counsel was ineffective for failing to object to the OV scores being challenged on appeal.

Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. In scoring OVs, a court may consider all record evidence, including the contents of a presentence investigation report (PSIR), plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). Of course, defendant was not acquitted in this case of any charges because there was no trial; the dismissed charges were not acquittals.

With respect to the direct challenge of the scoring of the OVs, we note defendant waived his arguments when trial counsel indicated at sentencing that he had "no . . . additions, corrections, or deletions." "When defense counsel clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute a waiver." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). The *Kowalski* Court further explained:

> Defendant, however, argues that defense counsel merely forfeited the error because counsel did not state that he "approved" of the instructions. The distinction defendant attempts to make between counsel stating, "I approve of the

-2-

instructions," and counsel stating, "I have no objections," is unavailing. Counsel's statements were express and unequivocal indications that he approved of the instructions. To hold otherwise would allow counsel to harbor error at trial and then use that error as an appellate parachute. [*Id.* at 504-505 (quotation marks, citations, and ellipses omitted).]

But, while not very well developed in the body of his brief on appeal, defendant bootstraps a claim of ineffective assistance of counsel based on his attorney's failure to challenge the various OV scores. Whether counsel was ineffective presents a mixed question of fact, which is reviewed for clear error, and constitutional law, which we review de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Our Supreme Court in *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), set forth the basic principles governing a claim of ineffective assistance of counsel:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy [a] two-part test . . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the counsel guaranteed by the Sixth Amendment. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. Second, the defendant must show that the deficient performance prejudiced the defense. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. [Citations and quotation marks omitted.]

An attorney's performance is deficient if the representation falls below an objective standard of reasonableness. *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000).

The trial court assessed 10 points for OV 3, which is the proper score when "[b]odily injury requiring medical treatment occurred to a victim." MCL 777.33(1)(d). Defendant maintains that although JK actually received medical treatment, there was no proof that JK "required" the medical treatment.[2] There was evidence presented at the preliminary examination that defendant hit and punched JK, pulled her by the hair, ripped out her nose ring, and choked JK. Also, JK testified that defendant bit her. Moreover, JK indicated that her injuries consisted of bruises, scratches, and swelling. The police took JK to the hospital for medical treatment after the attack.[3] "The trial

---

[2] We note that defendant's arguments on each of the challenged OVs are cursory and without any citation of legal authority, including the statutory provision at issue for a particular OV. Nonetheless, we address defendant's challenges.

[3] The PSIR contained the following details:

court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012). Considering the nature and characteristics of the assault, the injuries suffered and described, and the fact that the police transported JK to the hospital for examination, it is reasonable to infer that JK "required" medical treatment. Accordingly, the trial court did not err in assessing 10 points for OV 3. And therefore trial counsel's performance in waiving a challenge to the scoring of OV 3 was not deficient. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Savage*, 327 Mich App 604, 617; 935 NW2d 69 (2019) (quotation marks and citation omitted).

The trial court assessed 10 points for OV 4, which is the proper score when "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). Defendant argues that "[t]here is no evidence in the PSIR or in the victim's oral and written statements that psychological injuries occurred that required professional treatment." In the prosecution's brief on appeal, it states that it does not contest defendant's argument regarding OV 4. We note that JK expressed at the sentencing hearing that she and her son suffered "emotional damage" as a result of defendant's actions. We thus question whether trial counsel's failure to challenge the scoring of OV 4 fell below an objective standard of reasonableness, especially considering that had counsel challenged the 10-point assessment for OV 4, JK may have elaborated on her statement of "emotional damage." Regardless, we accept the prosecution's concession.

The trial court assessed 50 points for OV 7, which is the proper score when "[a] victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). "A trial court can properly assess 50 points under OV 7 if it finds that a defendant's conduct falls under one of the four categories of conduct listed in subsection (1)(a)." *Hardy*, 494 Mich at 439-440. Defendant merely argues that there was no evidence that his "conduct was *designed* to increase fear and anxiety." Defendant ignores the other three categories listed in MCL 777.37(1)(a) even though we cannot determine from the record that OV 7 was actually scored on the basis of defendant's conduct being designed to substantially increase the fear and anxiety suffered by JK. Additionally, as reflected in footnote 3 of this opinion (PSIR excerpt), the record

---

The officer observed multiple injuries on [JK]. Both hands appeared to be swollen and bruised and [JK] advised she was bitten by [defendant] on both hands and wrists. She had bruising on her face and abrasions on both cheeks. She said she also had a nose ring in her right nostril which was ripped out during the assault. Her lip was swollen on the left side and there was bruising on her left arm consistent with being grabbed. She also had scratches on her back which went from side to side and appeared to be fingerprints. [JK] reported [defendant] bit her multiple times on the face, hands and left wrist breaking the skin. She said she was punched at least a dozen times with a closed fist to her face. The officer noted the bruising supported her report. [JK] reported she had hair ripped out of her scalp from [defendant] grabbing her and throwing her around the rooms. She said he also choked her throughout the assault and she had bruising under her chin along with red marks on her neck and throat area.

fully supported a conclusion that defendant treated JK with "excessive brutality." Moreover, contrary to defendant's argument, the record supported a determination that defendant's conduct was designed to substantially increase JK's fear and anxiety. While she was being restrained and viciously assaulted for an extended period of time through biting, punching, spitting, hair-pulling, and choking, defendant repeatedly threatened to kill JK. One can reasonably infer from this evidence that defendant's conduct was *designed* to substantially increase JK's fear and anxiety. Therefore, trial counsel's performance in waiving a challenge to the scoring of OV 7 did not fall below an objective standard of reasonableness.

The trial court assessed 15 points for OV 8, which is the proper score when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). Defendant contends that there was no asportation or captivity because the events occurred where JK and defendant lived and because JK voluntarily returned to the house after first going to her car. First, the fact that defendant and JK lived together does not mean that there could be no asportation or that JK could not be held captive. Second, and similarly, assuming that JK willingly left her car after defendant had punched her in the face to go back into the house to collect belongings, she certainly could have been moved and held captive after returning to the house. Indeed, after she did so, defendant pulled JK's hair and forced her to the floor, holding her down and captive and brutally assaulting her for at least 20 minutes, which was beyond the time necessary to commit unlawful imprisonment. See MCL 750.349b(3)(a) ("The restraint [for unlawful imprisonment] does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts."). The trial court properly assessed 15 points for OV 8. Therefore, trial counsel's performance in waiving a challenge to the scoring of OV 8 was not deficient.

Jumping ahead, the trial court assessed 25 points for OV 13, which is the proper score when "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). Additionally, MCL 777.43(2)(a) provides that "[f]or determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." Defendant argues that "[t]his variable must be proven by a preponderance of the evidence by the prosecutor" and that trial counsel "failed to challenge the scoring and force the prosecutor to prove this category." This is simply not a developed or substantive argument; defendant does not contend that OV 13 was improperly scored. Moreover, unlawful imprisonment and AWIGBH are crimes against a person. MCL 777.16q and MCL 777.16d. And the record further indicated that in August 2017, defendant pleaded guilty to attempted AWIGBH, which is also an offense against a person. MCL 777.16d; MCL 777.19(2). This means that in 2017 and 2018 defendant pleaded guilty to three crimes that constituted offenses against a person. Accordingly, the trial court properly assessed 25 points for OV 13. Therefore, trial counsel's performance in waiving a challenge to the scoring of OV 13 did not fall below an objective standard of reasonableness.

At this point in our analysis we have upheld the assessment of 100 total OV points, which would keep defendant at OV level VI, reflecting no change in the minimum sentence guidelines range and precluding resentencing. MCL 777.64; MCL 777.65; *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006) ("Where a scoring error does not alter the appropriate guidelines range, resentencing is not required."). Accordingly, it is unnecessary to address the scoring of

OVs 9, 10, and 12. In sum, we conclude that resentencing is unwarranted on the basis of ineffective assistance of counsel.

We affirm.


/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Stephen L. Borrello