*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RUBEN JOSEPH RODRIGUEZ,

      Defendant-Appellant.

UNPUBLISHED
March 18, 2021

No. 351225
Alger Circuit Court
LC No. 2012-001998-FC

Before: MARKEY, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

In an earlier appeal, this Court affirmed defendant's convictions but remanded the case for the trial court to determine whether a preponderance of the evidence supported the 15-point assessment for offense variable (OV) 8 and to articulate its reasons for assessing 15 points for OV 10. *People v Rodriguez*, unpublished per curiam opinion of the Court of Appeals, issued October 21, 2014 (Docket No. 315216), pp 1, 4-6. On remand, the trial court found that the 15-point scores for OVs 8 and 10 were appropriate, citing evidence that supported the assessments. Defendant appeals by right. We affirm.

On January 18, 2013, a jury found defendant guilty of first-degree home invasion, MCL 750.110a(2), conspiracy to commit first-degree home invasion, MCL 750.110a(2) and MCL 750.157a, unlawful imprisonment, MCL 750.349b, conspiracy to commit unlawful imprisonment, MCL 750.349b and MCL 750.157a, armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.529 and MCL 750.157a, felonious assault, MCL 750.82, conspiracy to commit felonious assault, MCL 750.82 and MCL 751.157a, intentional discharge of a firearm at a dwelling or occupied structure, MCL 750.234b, felon in possession of a firearm, MCL 750.224f, and five counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.

Defendant was sentenced back in February 2013 as a second-offense habitual offender, MCL 769.10, to 10 to 30 years' imprisonment for the home invasion and related conspiracy convictions, 7 to 22½ years' imprisonment for the unlawful imprisonment and related conspiracy convictions, 16 to 40 years' imprisonment for the armed robbery and related conspiracy

convictions, 18 months to 6 years' imprisonment for the felonious assault and related conspiracy convictions, 18 months to 6 years' imprisonment for the firearm-discharge conviction, two to seven and a half years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for each of the felony-firearm convictions.

Defendant filed an appeal by right, challenging his convictions and sentences. As indicated, defendant's convictions were affirmed, but the panel remanded the case for the trial court to make findings with respect to OVs 8 and 10. On remand, the trial court determined that the 15-point assessments for OV 8 and OV 10 were proper and explained its reasoning. This appeal eventually ensued.

Defendant argues on appeal that the trial court erred by assessing 15 points for OVs 8 and 10. We disagree. Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. In scoring OVs, a court may consider all record evidence, including the contents of a presentence investigation report, plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019).

MCL 777.38(1)(a) provides that 15 points must be assessed for OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." A sentencing court must "[c]ount each person who was placed in danger of injury or loss of life as a victim." MCL 777.38(2)(a). "A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *People v Chelmicki*, 305 Mich App 58, 70-71; 850 NW2d 612 (2014). Places of greater danger include locations where others are less likely to see the defendant committing crimes. *People v Steele*, 283 Mich App 472, 491; 769 NW2d 256 (2009).

Daniel Frandson's testimony indicated that defendant and two of his accomplices forced their way into Frandson's home and assaulted him repeatedly. During the incident, Frandson looked out a window, saw a utility worker outside, and attempted to communicate to the worker that Frandson was in danger. One of defendant's accomplices noticed the utility worker and alerted defendant. Defendant then pressed a gun against Frandson's forehead and told him to "move, get down that f***ing hallway." Defendant and an accomplice then forcibly moved Frandson down the hallway. This evidence supported the finding that Frandson was asported to a place of greater danger, i.e., down the hallway and away from the window and the observation of others. The trial court relied on the evidence concerning the utility worker and the asportation caused by his presence. The trial court did not clearly err in its findings on OV 8. And the assessment of 15 points for OV 8 was proper.

OV 10 pertains to the exploitation of a vulnerable victim. MCL 777.40. An assessment of 15 points is required if "[p]redatory conduct was involved." MCL 777.40(1)(a). " 'Predatory conduct' means preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization." MCL 777.40(3)(a). Construing MCL 777.40, our Supreme Court in *People v Huston*, 489 Mich 451, 462-463; 802 NW2d 261 (2011), stated:

> [T]o give meaning to the entirety of MCL 777.40(1), and out of recognition that 15 points for "predatory conduct" constitutes the highest number of points available under OV 10 and that "preoffense conduct" is being used to define "predatory conduct," we conclude that the latter term does not encompass any "preoffense conduct," but rather only those forms of "preoffense conduct" that are commonly understood as being "predatory" in nature, e.g., lying in wait and stalking, as opposed to purely opportunistic criminal conduct or preoffense conduct involving nothing more than run-of-the-mill planning to effect a crime or subsequent escape without detection. This is the only interpretation that gives meaning to all the paragraphs of MCL 777.40(1), while respecting the obviously hierarchal character of those provisions. In short, "preoffense conduct" must be read in context. . . . .

> In the instant case, although defendant may not have been lying in wait for a specific victim, he was unquestionably lying in wait for a victim. Therefore, his preoffense conduct was directed at "a victim." MCL 777.40(3)(a). In this regard, it is helpful to consider why defendant was lying in wait, armed and hidden from view. And the answer to this question is quite obvious—he was doing this in order to place himself in a better position to be able to successfully rob someone in the parking lot. That is, defendant's preoffense conduct of predatorily lying in wait, armed, and hidden from view was directed at "a victim." Although defendant may not have known who his victim was going to be when he first undertook these actions, that does not undermine the fact that he was lying in wait for "a victim," and thus that his preoffense conduct was directed toward such "a victim." [Quotation marks and citations omitted.]

The testimony of one of defendant's accomplices, George Carmona, reflected that defendant, Carmona, and another accomplice were armed, wearing fatigues, and lying in wait in the woods outside Frandson's house until his roommates left the home. After Frandson's roommates left, defendant and his accomplices ran to Frandson's house and ambushed him. It had been the plan all along to sneak up on Frandson's house. The evidence established that defendant engaged in preoffense conduct that included lying in wait while armed. Frandson was vulnerable after his roommates left because he was alone and outnumbered in a rural, isolated location. Cf. *Huston*, 489 Mich at 467 ("We conclude that a person walking alone at night in a parking lot while two armed people hidden from that person's view lie in wait to rob that person is a 'vulnerable' victim."). The trial court's findings were not clearly erroneous, and the court properly assessed 15 points for predatory conduct under OV 10.

Finally, defendant argues that his appellate counsel in the prior appeal was ineffective for failing to raise an argument challenging the trial court's scoring of OV 7. This argument exceeds

the scope of the remand this Court ordered in the prior opinion in this case. When "an appellate court remands for some limited purpose following an appeal as of right in a criminal case, a second appeal as of right, limited to the scope of the remand, lies from the decision on remand." *People v Kincade*, 206 Mich App 477, 481; 522 NW2d 880 (1994); see also *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975) ("the scope of [a] second appeal is limited by the scope of the remand[]"). Nevertheless, on examination of the issue, we conclude that it is entirely lacking in merit. The trial court determined that 50 points was the proper score for OV 7 because defendant treated Frandson with egregious conduct that was designed to substantially increase the fear and anxiety Frandson suffered during the offense. MCL 777.37(1)(a). There was an abundance of evidence supporting this score. During the criminal episode, Frandson had a gun pointed at him, was repeatedly threatened with death, was struck in the face with the butt of a gun, had his mouth taped shut, was tied up and taped to a chair, had his head slammed against the corner of a wall after he was screaming and flailing in the chair, was slapped, and was generally physically beaten throughout the ordeal. Because the assessment of 50 points for OV 7 was proper, appellate counsel's performance in not raising any argument in regard to the scoring of OV 7 was not deficient. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

       We affirm.


                         /s/ Jane E. Markey
                         /s/ Michael F. Gadola