*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL WAYNE HERRON,

        Defendant-Appellant.

UNPUBLISHED
May 12, 2022

No. 354433
Isabella Circuit Court
LC No. 2018-001967-FH

Before: LETICA, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Defendant pleaded no contest to assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84(1)(a).[1] The trial court sentenced defendant as a second-habitual offender, MCL 769.10, to 6 to 15 years' imprisonment for the AWIGBH conviction. The court denied defendant's subsequent motion to correct an invalid sentence. After this Court denied defendant's application for leave to appeal, our Supreme Court, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted. *People v Herron*, 964 NW2d 605 (2021). Defendant challenges the scoring of offense variable (OV) 17 and OV 19. We affirm.

In December 2018, defendant and his wife were arguing outside the home of the victim, who is defendant's wife's uncle. The victim went outside and told defendant to leave. Defendant then began acting aggressively toward the victim. Defendant got into his car, turned on the ignition, and started backing up the vehicle. But he then pulled forward and hit the victim, striking his legs. Defendant climbed out of the vehicle and choked the victim as he lay on the ground. When the victim's wife informed defendant that she called the police, defendant left. The police later apprehended defendant and placed him in a police cruiser. He became upset and repeatedly struck his head against the cage partition in the cruiser. Defendant was taken to the hospital with a head laceration. While at the hospital, defendant gave the police his phone number, and the officers informed defendant that they would contact him when a warrant was issued for his arrest.

---

[1] Pursuant to plea negotiations, two additional charges, assault with a dangerous weapon, MCL 750.82(1), and assault by strangulation, MCL 750.84(1)(b), were dismissed.

Defendant left for Florida a week and a half after the assault and was arrested when he returned to Michigan several months later. Defendant's wife told the police that defendant purposely struck the victim with the vehicle and that it was not an accident.

Defendant's minimum sentence guidelines range was 34 to 83 months' imprisonment. Relevant to this appeal, the trial court assessed 10 points for OV 17 and 10 points for OV 19. Defendant filed a motion to correct an invalid sentence, arguing that the trial court incorrectly scored OV 9, OV 17, and OV 19. The trial court agreed that OV 9 was scored incorrectly, but it determined that OVs 17 and 19 were correctly assessed. Because the error in scoring OV 9 did not change the minimum guidelines range, resentencing was unwarranted, and the court denied the motion to correct the sentence. This appeal ensued.

Defendant argues on appeal that the trial court erred in scoring OVs 17 and 19 and that he must be resentenced because correction of the errors would reduce his minimum sentence guidelines range.

Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . ." *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. In scoring OVs, a court may consider all record evidence, including the contents of a presentence investigation report, plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012). "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). When a preserved scoring error alters the appropriate guidelines range, resentencing is generally required. *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006). This Court reviews de novo issues involving the interpretation of the sentencing guidelines. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016).

OV 17 addresses the "degree of negligence exhibited." MCL 777.47. OV 17 is only to be assessed in regard to crimes against a person and then solely those where "the offense or attempted offense involves the operation of a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive." MCL 777.22(1). MCL 777.47(1)(a) provides that a trial court must assess 10 points for OV 17 when "[t]he offender showed a wanton or reckless disregard for the life or property of another person." Except that 10 points may not be scored "if points are given in offense variable 6." MCL 777.47(2). Defendant was assessed zero points for OV 6, MCL 777.36. This was because OV 6, in relation to crimes against a person, is only to be scored for the offenses of "homicide, attempted homicide, conspiracy or solicitation to commit a homicide, or assault with intent to commit murder

[AWIM]." MCL 777.22(1).[2] Here, defendant was convicted of AWIGBH. When we take into consideration MCL 777.47 (OV 17), MCL 777.22(1), and MCL 777.36 (OV 6), it becomes clear that the Legislature intended for OV 17 to be scored in cases involving vehicular-related crimes that do not entail homicides or an effort, plan, or intent to kill.

Defendant's argument concerning OV 17 is mainly devoted to his contention that there was no evidence that he showed a wanton or reckless disregard for the life or property of defendant's wife or the victim's wife. This argument is necessarily premised on the view that 10 points could not be scored in connection with conduct directed solely at the victim. Defendant contends that 10 points could not be assessed in relation to conduct directed at the victim because AWIGBH is a crime involving an intent to do great bodily harm and OV 17 concerns "degree[s] of negligence," which would not pertain to specific-intent offenses. Defendant argues that his conduct could not be both intentional and "wanton or reckless."

First, the trial court did not assess 10 points for OV 17 on the basis that defendant showed a wanton or reckless disregard for the life or property of defendant's wife or the victim's wife. Consequently, we need not explore whether the evidence supported such a conclusion. Instead, the trial court ruled that 10 points could be assessed in relation to defendant's conduct directed at the victim. We do conclude, quite easily, that defendant's act of running into the victim with a motor vehicle constituted evidence demonstrating a wanton or reckless disregard for the victim's life. The critical question, however, is whether a defendant who is convicted of AWIGBH, which does not contain a negligence element,[3] can ever be assessed 10 points under OV 17 with respect to conduct that established the crime of AWIGBH.

MCL 777.47(2), which, again, precludes a score of 10 points for OV 17 if points are assessed under OV 6, did not bar the 10-point assessment in this case because OV 6 can only be scored in association with certain crimes, and they do not include AWIGBH. MCL 777.22(1). But that does not necessarily mean that the 10-point assessment for OV 17 was proper. We conclude that there is nothing in the plain language of MCL 777.47(1)(a) that prohibits a court from assessing 10 points for OV 17 based on facts that served to support a conviction for a specific-intent offense such as AWIGBH. Evidence that supports a determination that a defendant acted with the intent to do great bodily harm to a person can equally support a finding that the defendant

---

[2] MCL 777.36, i.e., OV 6, sets forth various scores that are effectively based on elements attendant to first-degree murder, MCL 777.36(1)(a), second-degree murder, MCL 777.36(1)(b), and voluntary and involuntary manslaughter, MCL 777.36(1)(c).

[3] In *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005), this Court addressed the crime of AWIGBH, stating:

> The elements of assault with intent to do great bodily harm less than murder are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder. This Court has defined the intent to do great bodily harm as an intent to do serious injury of an aggravated nature. [Quotation marks and citations omitted.]

acted with a wanton or reckless disregard for the person's life. The two conclusions are not mutually exclusive. Again, in this case, we hold that defendant's conduct in purposely striking the victim with a motor vehicle constituted evidence demonstrating a wanton or reckless disregard for the victim's life. We do not believe it inconsistent to find that defendant intended to do great bodily harm to the victim by running into him with the car and to also conclude that defendant acted with a wanton or reckless disregard for the victim's life by driving into him. Accordingly, we hold that the trial court did not err by assessing 10 points for OV 17.[4]

Defendant next argues that OV 19 was incorrectly scored because there was no evidence that he interfered with the administration of justice. More specifically, defendant maintains that there was no evidence suggesting that he struck his head on the police cruiser partition to hamper, hinder, or delay the police or that he went to Florida to avoid arrest.

OV 19 concerns, in relevant part, "interference with the administration of justice." MCL 777.49. An offender must be assessed 10 points for OV 19 pursuant to MCL 777.49(c) if "[t]he offender . . . interfered with or attempted to interfere with the administration of justice." An offender interferes with the administration of justice when he or she hampers, hinders, or obstructs the act or process of administering the judgment of individuals through the judicial process. *People v Baskerville*, 333 Mich App 276, 301; 963 NW2d 620 (2020). Conduct that occurred after the defendant completed the sentencing offense is considered when scoring OV 19. *People v Smith*, 488 Mich 193, 202; 793 NW2d 666 (2010). "OV 19 is generally scored for conduct that constitutes an attempt to avoid being caught and held accountable for the sentencing offense." *Sours*, 315 Mich App at 349. Actions that impede the process of investigating crime can amount to interference with the administration of justice. *Id*. at 349-350.

There was evidence that defendant left the scene of the accident after learning that the police were called and that the police later found him in the woods. Defendant's conduct reflected an attempt to avoid being caught and held accountable for the sentencing offense. See *People v Smith*, 318 Mich App 281, 286; 897 NW2d 743 (2016) ("Hiding from the police constituted an interference with the administration of justice because it was done for the purpose of hindering or hampering the police investigation."). Furthermore, when defendant banged his head against the partition in the police cruiser so hard that it necessitated hospitalization instead of an immediate trip to jail, he was effectively hampering or hindering the investigatory process and delaying accountability. Finally, defendant left Michigan and traveled to Florida, staying there for several months despite knowing that an arrest warrant was going to be issued. This evidence can

---

[4] Defendant's reliance on the Supreme Court's order in *People v Cano-Monarrez*, 505 Mich 984 (2020), as viewed in connection with this Court's unpublished opinion in the case is misplaced because the order was simply based on the fact that "[t]he prosecuting attorney ha[d] conceded that the trial court erred in scoring OV 17[.]" We also note that it would be a bit absurd not to assess any points for OV 6 *and* OV 17 given that intentional criminal misconduct generally reflects a higher degree of culpability than wanton or reckless misconduct. We surmise that the Legislature perhaps did not contemplate for purposes of OV 17 that a defendant might intentionally harm a person through the operation of a vehicle, vessel, ORV, snowmobile, aircraft, or locomotive. Nevertheless, the evidence in this case supported the 10-point assessment for OV 17.

reasonably be construed as demonstrating an attempt to avoid being held accountable and to interfere with the administration of justice; therefore, there was an abundance of evidence establishing that defendant interfered with the administration of justice. Accordingly, we hold that the trial court did not err by assessing 10 points for OV 19.

We affirm.

/s/ Anica Letica
/s/ Jane E. Markey
/s/ Colleen A. O'Brien