*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHRISTOPHER BRYAN HANEY,

        Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 357116
Ionia Circuit Court
LC No. 2020-018040-FC

Before: GLEICHER, C.J., and MARKEY and RICK, JJ.

PER CURIAM.

Defendant pleaded guilty to receiving and concealing stolen property with a value of $1,000 or more but less than $20,000, MCL 750.535(3)(a). The trial court sentenced defendant to 29 months to 5 years' imprisonment. Defendant filed an application for leave to appeal, raising a sentencing scoring argument that would alter the minimum sentence guidelines range. This Court denied leave to appeal. *People v Haney*, unpublished order of the Court of Appeals, entered June 16, 2021 (Docket No. 357116). Our Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted. *People v Haney*, 968 NW2d 815 (2022). We reverse and remand for resentencing.

The Ionia County Sheriff's Department received a call from a resident who believed, correctly so, that a stolen camper was in her backyard. The resident had allowed defendant and a codefendant to live in a tent in her backyard but subsequently noticed that the couple had parked a camper on her property to live in. Defendant and codefendant were in a dating relationship and were friends of the resident. The resident's significant other observed defendant towing the stolen camper into the backyard using defendant's van. After a dispute, the resident asked defendant and codefendant to leave her property. They did so but without the camper.

Defendant entered a plea of guilty to receiving and concealing stolen property with a value of $1,000 or more but less than $20,000. As the factual basis for his plea, defendant admitted to knowingly receiving and concealing the stolen camper. Pursuant to the terms of defendant's guilty plea, the prosecution dismissed defendant's fourth-offense habitual offender notice as well as

charges in another case involving the receipt and concealment of stolen property, possession of a firearm, and possession of ammunition by a felon.

At the sentencing hearing, defendant objected to the assessment of 10 points for Offense Variable (OV) 14, MCL 777.44, which is the appropriate score when "[t]he offender was a leader in a multiple offender situation[.]" MCL 777.44(1)(a). "The entire criminal transaction should be considered when scoring this variable." MCL 777.44(2)(a). Defendant argued that there was no evidence and no indication in the police report that defendant organized the crime or was otherwise the leader in the commission of the offense. Defendant disagreed with the following comments the probation agent made in the presentence investigation report (PSIR) regarding why 10 points were assessed for OV 14:

> In the instant offense, the defendant and his significant other [codefendant] were both charged in relation to the theft of the trailer. The co-defendant was convicted of a lesser offense. Due to the defendant's extensive history of property crimes, as well as the co-defendant's reduced charge, it is believed the defendant would be appropriately scored as the leader of the instant offense.

Defendant reasoned that just because he had a more extensive criminal history and pleaded guilty to a felony in comparison to his codefendant's plea to a misdemeanor did not necessarily mean that defendant was the leader in committing this particular crime. Defendant contended that zero points should be assessed for OV 14.

The trial court found by a preponderance of the evidence that defendant was the leader in committing the crime. The court explained:

> His record, criminal history, I think, speaks volumes, in terms of almost every one of his prior fifteen adult felony convictions were theft related.
>
> So given the significant disparity between his criminal record and the criminal record of his co-defendant, I think I'm very comfortable making a finding by a preponderance of the evidence that he was the leader in the situation, but I will, of course, preserve your objection for appellate purposes.

Therefore, the trial court assessed 10 points for OV 14. This gave defendant a total OV score of 25 points, and he had a total prior-record-variable score of 205 points. Accordingly, the minimum sentence guidelines range was 14 to 29 months' imprisonment. See MCL 777.16z; MCL 777.66. The trial court imposed a minimum sentence at the very top end of the guidelines range. Had OV 14 been assessed zero points as defendant urged, the guidelines range would have been lowered to 12 to 24 months' imprisonment. This appeal ensued.

Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013); *People v Rhodes (On Remand)*, 305 Mich App 85, 88; 849 NW2d 417 (2014). Clear error is present when the appellate court is left with a firm and definite conviction that an error occurred. *People v Fawaz*, 299 Mich App 55, 60; 829 NW2d 259 (2012). This Court reviews de novo "[w]hether the facts, as found, are adequate to satisfy the scoring

conditions prescribed by statute . . . ." *Hardy*, 494 Mich at 438; see also *Rhodes*, 305 Mich App at 88. In scoring OVs, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012), overruled in part on other grounds by *People v White*, 501 Mich 160, 164 n 2; 905 NW2d 228 (2017). "[D]ue process bars sentencing courts from finding by a preponderance of the evidence that a defendant engaged in conduct of which he was acquitted." *People v Beck*, 504 Mich 605, 629; 939 NW2d 213 (2019). When a preserved scoring error alters the appropriate guidelines range, resentencing is generally required. *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006). This Court reviews de novo issues involving the interpretation of the sentencing guidelines. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016).

For purposes of OV 14, to "lead" means to guide, to show the way, or to direct, and the sentencing court should take into consideration whether the defendant acted first or gave directions or whether he or she was a primary causal or coordinating agent of the crime. *People v Dickinson*, 321 Mich App 1, 22; 909 NW2d 24 (2017). As noted earlier, "[t]he entire criminal transaction should be considered when scoring" OV 14. MCL 777.44(2)(a). In this case, the reasons given by the trial court in assessing 10 points for OV 14 had nothing to do with evidence or information concerning the "criminal transaction." Instead, the court focused on defendant's and codefendant's criminal histories and the significant disparity in their records, and the probation agent had noted the felony-versus-misdemeanor nature of the two plea bargains. These reasons, however, do not demonstrate, nor can one reasonably infer from them, that in this particular instance defendant was the leader in receiving and concealing the stolen camper. To assess 10 points for OV 14 there needed to be evidence about the criminal transaction itself showing that defendant guided or directed the crime, that he acted first or gave directions, or that he was the primary causal agent. Relying on past criminal records to determine who was the leader in receiving and concealing the stolen camper ultimately constituted mere conjecture and speculation. In short, we hold that the trial court erred by assessing 10 points for OV 14 and that the proper score was zero points. Because the error alters the minimum sentence guidelines range, resentencing is required. See *Francisco*, 474 Mich at 89-92.[1]

We reverse and remand for resentencing. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Michelle M. Rick

---

[1] We note that the prosecutor cites the evidence that defendant was observed towing the camper into the resident's backyard. But the trial court made no mention of this evidence in rendering its scoring decision. Moreover, this evidence, in and of itself, does not suffice to demonstrate that defendant was the leader in committing the offense.